**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

| | |
|---|---|
| In Re: | CHAPTER 7 |
| Bamboo Abbott, Inc. d/b/a Prestige Window Fashions, | Case No.: 09-28689 (MBK) |
| Debtor. | |

---------------------------------------------------------X

| | |
|---|---|
| Daniel E. Straffi, Chapter 7 Trustee, | Adv. Pro. No. 11-02042 (MBK) |
| Plaintiff, | |
| - v- | |
| Gilco World Wide Markets, | |
| Defendant. | |

---------------------------------------------------------X

APPEARANCES:

Daniel E. Straffi, Esq.
Straffi & Straffi
670 Commons Way
Toms River, NJ 08755
Attorney for Plaintiff, Chapter 7 Trustee

David Finkler, Esq.
Law Offices of David J. Finkler, P.C.
266 Harristown Road, Suite 203
Glen Rock, NJ 07452
Attorney for Defendant, Gilco World Wide Markets

David M. Mannion, Esq.
Blakeley & Blakeley LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Attorney for Defendant, Gilco World Wide Markets

**MICHAEL B. KAPLAN, U.S.B.J.**

1

**MEMORANDUM OF LAW**

## I. Introduction

This matter comes before the Court upon the motion of Defendant Gilco World Wide Markets, Inc. ("Gilco") to dismiss the adversary complaint ("Adversary Complaint") initiated by Daniel E. Straffi, Chapter 7 Trustee ("Trustee"), for lack of proper venue ("Motion"). The Court has heard oral argument and has reviewed the submissions filed in the above-referenced matter. For the reasons which follow, the Court denies Gilco's Motion:

## II. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court, dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(A), (B), (F) and (O). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## III. Background

On July 19, 2009 ("Petition Date"), Bamboo Abbott, Inc. (d/b/a Prestige Window Fashions) ("Debtor") filed a voluntary Chapter 11 bankruptcy petition. On March 2, 2010, the Court entered an order converting the Debtor's case to a Chapter 7 proceeding and, on March 4, 2010, appointed Daniel E. Straffi as the Chapter 7 Trustee. On June 28, 2011, the Trustee filed the within Adversary Complaint, pursuant to 28 U.S.C. § 547, seeking to avoid allegedly preferential transfers to Gilco in the aggregate amount of $11,211.43.

On August 12, 2011, Gilco filed its Motion seeking to dismiss the Trustee's Adversary Complaint for lack of proper venue pursuant to 28 U.S.C. § 1409(b). By its Motion,

---

[1] To the extent that any such findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

2

Gilco asserts that venue in the District of New Jersey is improper because the Trustee's action is for a business debt less than the threshold amount prescribed by § 1409(b) as of the filing date of the Adversary Complaint. Thus, Gilco argues that venue would be proper only in the district where Gilco resides, *i.e.*, the District of Ohio.[2] In opposition to the Motion, the Trustee contends that § 1409(b) does not apply to preference actions and, therefore, the venue provision of § 1409(a) applies, which differs from § 1409(b) in that it does not provide for a monetary floor for such actions. Alternatively, the Trustee asserts that even if § 1409(b) were deemed applicable to preference actions, the relevant date for purposes of assessing the monetary threshold set forth by § 1409(b) is the Petition Date, on which date the statutory threshold fell below the sum demanded in the Adversary Complaint.

The Court finds the principal issues to be: (i) whether § 1409(b) applies to preference actions and, consequently, the allegations contained in the Trustee's Adversary Complaint, and (ii) whether, if § 1409(b) is applicable, the Trustee has exceeded the applicable monetary limitation. As discussed below, the Court finds that: (i) § 1409(b) does not in fact apply to preference actions, and (ii) even if § 1409(b) were to apply to the Trustee's Adversary Complaint, the Trustee satisfies the monetary threshold contained in § 1409(b), as the operative date is the Petition Date, not the date that the Adversary Complaint was filed. Accordingly, Gilco's Motion is denied.

**IV.    Applicable Standards**

Gilco has moved to dismiss the Trustee's Adversary Complaint pursuant to Fed. R. Civ. P. 12(b)(3), made applicable to adversary proceedings by Fed. R. Bank. P. 7012(b)(3), for lack of proper venue. As noted by the Third Circuit, "[b]ecause improper venue is an

---

[2] The parties do not dispute that Gilco maintains its principal place of business at 11434 Rockfield Court, Cincinnati, OH 45241.

3

affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant."[3] Great Western Mining & Mineral Co. v. ADR Options, Inc., 2011 U.S. App. LEXIS 13295, *8-9 (3d Cir. N.J. June 28, 2011), citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982) (comparing jurisdictional questions "concerning the court's power to entertain the action" with "dilatory defenses [such as venue] that do not concern the court's authority to adjudicate," and holding that while the plaintiff bears the burden of proving the former, defendants must plead facts showing the absence of the latter). Accordingly, the burden rests on Gilco to demonstrate that the District of New Jersey is not the proper venue for the Trustee's Adversary Complaint.

Venue in the bankruptcy court is governed by §§ 1408 and 1409 of the Bankruptcy Code. As applicable here, § 1409 states, in relevant part, as follows:

> § 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11
>
> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,175 or a consumer debt of less than $17,575, or a debt (excluding a consumer debt) against a noninsider of less than $11,725,[4] only in the district court for the district in which the defendant resides.

See 28 U.S. §§ 1409(a) and (b). Thus, although venue is generally proper in the district court in which a bankruptcy case is pending pursuant to § 1409(a), § 1409(a) is subject to the provisions

---

[3] As noted below, the Court is guided by Schwab v. Peddinghaus Corp. (In re Excel Storage Prods., L.P.), 2011 Bankr. LEXIS 3521 (Bankr. M.D. Pa. Sept. 16, 2011) for its analysis of § 1409. However, the Court relies, as it must, on the standard expressed by the Third Circuit with respect to which party has the burden to prove lack of proper venue.

[4] Prior to the Petition Date, the monetary limitation contained in § 1409(b) was $10,950, which was subsequently adjusted to $11,725, effective April 1, 2010.

of § 1409(b), which require proceedings arising in or related to a case under title 11 that do not meet certain monetary thresholds to be commenced in the district where the defendant resides.

### V.  Discussion

#### (a) Applicability of § 1409(b) to Preference Actions

In order to reconcile the parties' opposing positions with respect to the proper application of § 1409, the Court must construe § 1409 by starting with the text as drafted by Congress.  See Murphy v. Millennium Radio Group LLC, 650 F.3d 295 (3d Cir. N.J. 2011) ("Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute . . . . When the statute's language is plain, the sole function of the courts—at least where the disposition required by the test is not absurd—is to enforce it according to its terms.") (citations omitted).  The plain language of §§ 1409(a), (d), and (e) expressly includes proceedings "arising under" title 11; in marked contrast, §§ 1409(b) and (c) refer only to proceedings "arising in or related to a case under Title 11."  This Court must presume that Congress did not employ language haphazardly in formulating the venue statute. See Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 452 (2002) (When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").  Indeed, "where the text of a statute is unambiguous, the statute should be enforced as written and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language."  Murphy v. Millennium Radio Group LLC, 650 F.3d 295 (3d Cir. N.J. 2011), citing In re Philadelphia Newspapers, LLC, 599 F.3d 298, 314

5

(3d Cir. 2010) (internal quotation marks and citation omitted). Accordingly, the Court finds that § 1409 is not ambiguous on its face and must be applied as written.

The Court now turns to the more specific inquiry as to whether § 1409(b) encompasses preference actions such as the allegations contained in the Adversary Complaint. In this regard, the Court is persuaded by the analysis set forth in Schwab v. Peddinghaus Corp. (In re Excel Storage Prods., L.P.), 2011 Bankr. LEXIS 3521 (Bankr. M.D. Pa. Sept. 16, 2011). In Schwab, the matter before the bankruptcy court was the Chapter 7 trustee's adversary proceeding against a creditor to avoid and recover a preferential transfer pursuant to § 547. Id. The creditor asserted that venue was improper because the trustee's action was for a business debt less than the threshold amount stated in § 1409(b). Id. The court determined that § 1409(b) does not apply to preference actions since such actions do not "arise in" and are not "related to" a bankruptcy case; rather, such actions fall within the "arises under" language contained in § 1409(a). Id. In rejecting the application of § 1409(b) to preference claims, the court reasoned as follows:

> An action to recover a preference is a substantive right which is provided for, and only arises by operation of Title 11, and thus, is the type of proceeding which "arises under" the Bankruptcy Code. See In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996), quoting In re Wood, 825 F.2d 90 (5th Cir. 1987) (an action by the trustee to avoid a preference is a right created by the federal bankruptcy law). The Third Circuit is not alone in this finding, "[e]very Court of Appeals which has examined the question has held that a matter invoking a 'substantive right created by federal bankruptcy law,' such as a preference recovery, is a matter 'arising under the Bankruptcy Code.'" In re Rosenberger, 400 B.R. 569, 572-573 (Bankr. W.D. Mich. 2008), citing Browning v. Levy, 283 F.3d 761, 773 (6th Cir. 2002). In accordance with the Third Circuit and the other Courts of Appeal, I find that an action to recover a preference is a proceeding that arises under the Bankruptcy Code.
>
> Since a preference action arises under the Bankruptcy Code, it does not fit within the exception of 28 U.S.C. § 1409(b), which is limited by its plain language to proceedings which "arise in" or are "related to" a bankruptcy case. Instead, it fits precisely within the language used in 28 U.S.C. § 1409(a), which provides venue

for proceedings "arising under title 11". The Supreme Court has instructed, when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 452, 122 S.Ct. 941, 951, 151 L. Ed. 2d 908 (U.S. 2002). Here, it must then be presumed that Congress acted purposefully with its disparate inclusion and exclusion of the term "arising under", from subsections (a) and (b). The disparate use of an unambiguous and well defined bankruptcy term of art must be interpreted as an indication of Congressional intent that preference actions be excluded from the venue exception in subsection (b), where it included the same language in the general venue provision in subsection (a). I am compelled to hold that the statute unambiguously excludes preference actions from the venue exception, thus, venue is appropriate in this Court, where the case is pending.

Schwab v. Peddinghaus Corp. (In re Excel Storage Prods., L.P.), 2011 Bankr. LEXIS 3521, *14-16 (Bankr. M.D. Pa. Sept. 16, 2011). Adopting the same analysis, the Court finds that the venue exception contained in § 1409(b) does not apply to the Trustee's Adversary Complaint.[5] As such, Gilco's Motion is denied and the Trustee may proceed with the Adversary Complaint in this Court pursuant to the venue provision of § 1409(a).

### (b)    The Monetary Threshold of § 1409(b)

Assuming, *arguendo*, that the Court were to agree with Gilco's contention that § 1409(b) is applicable to preference actions, venue in this District remains appropriate given that the Trustee's demand in the Adversary Complaint exceeds the § 1409(b) threshold. Gilco notes that the threshold amount contained in § 1409(b) as of the date of the Trustee's Adversary Complaint was $11,725, which is greater than the total amount alleged as a preference by the Trustee, *i.e.,* $11,211.43; accordingly, Gilco asserts that the amount of the Trustee's claim does not satisfy the threshold requirements of § 1409(b). Gilco's argument necessarily rests upon a determination that the operative date for purposes of § 1409(b) is the date the Adversary

---

[5] The Court recognizes that several courts, including those referenced by counsel for Gilco, have looked to Congressional intent to rule that the venue exception of § 1409(b) should apply to avoidance actions. The Court finds that the approach taken by Schwab, *supra* – one that is endorsed by several other courts – is preferable, as that approach looks to the unambiguous text of the statute, obviating the need to consider legislative history.

Complaint was filed. This Court concludes otherwise, looking instead to the Petition Date, on which date the threshold amount prescribed in § 1409(b) was $10,950 and below the amount sought in the Adversary Complaint.

The Court's determination that the Petition Date is the operative date for purposes of § 1409(b) finds support by § 104 of the Bankruptcy Code. In § 104, Congress provides for periodic monetary adjustments to certain Bankruptcy Code provisions, including § 1409(b), at 3-year intervals. See 11 U.S.C. § 104(a). Additionally, § 104(c) admonishes that such adjustments "shall not apply with respect to cases commenced before the date of such adjustments." Id. (emphasis added). As set forth in In re Washington, the term "case" is described as "a term of art which refers to 'that which is commenced by the filing of the petition; it is the whole ball of wax, the Chapter 7, 9, 11, 12 or 13 case.'" 2007 U.S. Dist. LEXIS 19038, *6-7 (E.D.Pa. 2007) (citations omitted). "'Adversary proceedings, on the other hand, are subactions which are raised within a 'case' and are commenced by the filing of a complaint.'" Id. (citations omitted). It follows, therefore, that the monetary threshold contained in § 1409(b), as set by § 104, is applied as of the date the bankruptcy case was filed, and not the date of the adversary proceeding. Thus, putting aside the Court's ruling that § 1409(b) applies to preference actions, the Trustee likewise prevails because he has satisfied the applicable monetary threshold of § 1409(b).

## VI. Conclusion

For the reasons expressed above, Gilco's Motion is denied. The Trustee is directed to submit a form of order consistent with the Court's memorandum of law.

Dated: October 24, 2011

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge